Dismissed and Memorandum Opinion filed August 10, 2006








Dismissed
and Memorandum Opinion filed August 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00277-CR

____________

 

HAROLD WAYNE WOLFENBARGER, III,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County, Texas

Trial Court Cause No. 1061210

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a guilty plea to retaliation.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant on March
14, 2006, to confinement for two years in the Institutional Division of the
Texas Department of Criminal Justice.  The trial court entered a certification
of the defendant=s right to appeal in which the court certified that this is a
plea-bargain case, and the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  We dismiss
the appeal.  








On March
22, 2006, appellant filed a motion for new trial asserting that his plea had
not been entered voluntarily.  The trial court denied the motion on March 24,
2006.  That day, appellant filed a timely notice of appeal, with the notation
that appellant intended to appeal the denial of his motion for new trial.  The
trial court then entered a new certification of the defendant=s right to appeal in which the court
certified that this is NOT a plea-bargain case, and the defendant has
the right of appeal.  

The
clerk=s record containing both of the trial
court=s certifications was filed in this
court on July 11, 2006.  See Tex.
R. App. P. 25.2(d).  The record supports the trial court=s certification that appellant has no
right of appeal.  See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim.
App. 2005).  A ruling on a motion for new trial is not a separately appealable
order.  Because the record does not demonstrate that appellant seeks to appeal
pretrial rulings or he has obtained the trial court=s permission to appeal, appellant has
no right to appeal from a plea bargain case.  See Tex. R. App. P. 25.2(a)(2);  see
also Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding
that court of appeals must dismiss prohibited appeal after ascertaining whether
appellant who plea‑bargained is permitted to appeal by Rule 25.2(a)(2)). 


Accordingly,
we dismiss the appeal.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed August
10, 2006.

Panel consists of Chief Justice Hedges and Justices
Yates and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).